**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1518

UNITED STATES,

Appellee,

v.

JERRY L. HAYES, a/k/a JEREMIAH L. HAYES,

Defendant, Appellant.

[Hon. Reginald C. Lindsay, U.S. District Judge]

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

Before

Selya, Lynch and Lipez,
Circuit Judges.

Timothy G. Watkins on brief for appellant.
Michael J. Sullivan, United States Attorney, Paul G. Levenson, Assistant U.S. Attorney, and John T. McNeil, Assistant U.S. Attorney on brief for appellee.

August 9, 2005

**Per Curiam**.  Jerry L. Hayes appeals from a sentence imposed following his guilty pleas to five counts of bank robbery in violation of 18 U.S.C. § 2113(a).  Hayes' sentence was enhanced for possession of a firearm -- a handgun Hayes admitted he purchased in the midst of his crime spree and kept in the glove compartment of the car he owned and which he used to flee the final robbery.  Hayes has steadfastly asserted that he bought the handgun in order to provide protection for his family, and that he never used the handgun during any of the robberies and never intended to do so.

In his original brief, Hayes argued that his sentence was invalid under Blakely v. Washington, 542 U.S. 296 (2004), because he disputed the facts underlying the district court's determination that he "possessed" the handgun during three of the five robberies and that he made an "express threat of death" during one of the robberies pursuant to U.S.S.G. §§ 2B3.1(b)(2)(C) and (F).  While his appeal was pending, the United States Supreme Court decided United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005).  At our invitation, the parties filed supplemental briefs in light of Booker.  Hayes concedes that the Blakely/Booker issues he raises on appeal were not preserved below.  Having considered his arguments, we conclude that he has failed to satisfy the standard set forth in United States v. Antonakopolous, 399 F.3d 68 (1st Cir. 2005).

Hayes admits that he kept a loaded handgun in the glove compartment of the car he used in the commission of his bank

-2-

robberies. Hayes denies, however, that he took the handgun with him into the banks during any of the robberies. The district court accepted this denial for the purposes of § 2B3.1(b)(2)(C). Hayes admits that he passed a note to a teller that stated, "I am armed," but he denies that he ever used a note that stated "I have a gun." Based on Hayes' admitted facts, the sentencing enhancements applied by the district court pursuant to U.S.S.G. §§ 2B3.1(b)(2)(C) and (F) were correct as a matter of law. United States v. Gray, 177 F.3d 86, 91-92 (1st Cir. 1999) (legal interpretations of the guidelines subject to *de novo* review).

First, possession is established when one has "actual and physical control" or "exclusive detention and control of" an object. *Black's Law Dictionary* 1046 (5th ed. 1979). The handgun was owned by Hayes and it was seized from the car he owned and was operating, alone, as his getaway car at the time of his arrest. At all relevant times, therefore, Hayes exercised actual control and exclusive dominion over the handgun. Cf. United States v. Lucas, 282 F.3d 414, 423-24 (6th Cir.), cert. denied, 537 U.S. 849 (2002), overruled on other grounds by United States v. Leachman, 309 F.3d 377 (6th Cir. 2002).

Second, in most circumstances, attempted escape from a bank robbery is an integral part of the crime. United States v. Ashburn, 20 F.3d 1336, 1341 (5th Cir. 1994) (collecting cases), cert. denied, 514 U.S. 1113 (1995). The presence of the loaded

handgun in the front seat of Hayes' getaway car, regardless of the reasons Hayes claims it was there, constitutes possession and is sufficient to support the sentencing enhancement.

Third, and with respect to the § 2B3.1(b)(2)(F) enhancement, the district court committed no error when it credited the recollection of the teller at the fourth bank Hayes robbed that Hayes passed her a note stating "I have a gun" while he kept his left hand concealed in his jacket. Antonakopolous, 399 F.3d at 79-80. That Hayes claims he never had his gun on his person and would never have used a gun during the robberies does not alter the nature of his "unmistakable threat to use a deadly weapon." United States v. Gray, 177 F.3d at 92.

Finally, Hayes has not shown that there is a "reasonable probability that the district court would impose a different sentence more favorable to the defendant under the new 'advisory Guidelines' Booker regime." Antonakopolous, 399 F.3d at 75. Hayes' sentence of 78 months falls well below the statutory maximum of twenty years, 18 U.S.C. § 2113(a), and at the lowest end of the applicable guidelines range of 78 to 97 months. While the district court expressed his sympathy for Hayes who, at the age of 53 and after a life devoted to his Pentecostal ministry, now faces a significant prison term, it is also clear from the transcript of the sentencing hearing that there was no reasonable probability of a lower sentence given the other factors required to be considered.

<u>United States v. Booker</u>, 125 S. Ct. at 767 (district court "must consult those Guidelines and take them into account when sentencing").

Hayes' sentence is <u>affirmed</u>.